CULPEPPER, Judge.
This is a suit for damages for personal injuries. Plaintiff’s minor son, Jeffery Paul Istre, a resident of Boys Village, Inc., was walking in a group of 10 to 15 boys along a gravel road. He was struck by a Plymouth automobile owned by James L. Duhon, director of Boys Village, and being driven at the time by Allen Doyle, a 14-year-old resident of Boys Village. Named as defendants are James L. Duhon, Boys Village, Inc. and United States Fidelity & Guaranty Company, the liability insurer of the three vehicles owned by Boys Village. The suit was dismissed as to James L. Duhon. By the time of trial, Jeffery Paul Istre became 18 years of age and was substituted as the party plaintiff. The district judge rendered judgment in the sum of $15,000 in favor of plaintiff and against Boys Village, Inc. and its insurer. These defendants appealed.
The issues on appeal are: (1) Was Allen Doyle, the driver of the automobile, negligent? (2) Was the plaintiff, Jeffery Istre, contributorily negligent? (3) Was Allen Doyle a resident of Boys Village, Inc., or was he under the custody and control of James L. Duhon personally? (4) Was the Plymouth automobile owned by Duhon and driven by Doyle covered under the temporary substitute automobile provisions of the policy issued by United States Fidelity & Guaranty Company to Boys Village? (5) Was the award of damages excessive?
In written reasons, amply supported by the record, the trial judge found the following general facts: On the day in question, ■ 10 or 15 residents of Boys Village went fishing at a pond about three miles from the village. About 3:00 p. m. they started walking back toward the village. They were on a gravel road walking in a northerly direction, some on the east and some on the west side.
Meanwhile, Mr. Duhon, the director of Boys Village, had instructed Allen Doyle, 14 years of age, to drive Duhon’s personal automobile, a Plymouth, and go pick up the boys who were fishing. Doyle was driving in a southerly direction on the gravel road when he saw the boys ahead, walking in a northerly direction.
*198 In written reasons, the district judge found that as Doyle reached the first of the boys walking on the road, he slowed the vehicle “almost to a stop”, and one of the boys reached for a door handle. Doyle motioned for him not to open the door. Then Doyle accelerated, intending to drive on past the boys and turn around and drive back. Doyle did not notice that while he was almost stopped, young Istre had walked in front of the car. As Doyle accelerated, the front of the vehicle struck Istre, breaking his right leg.

DOYLE’S NEGLIGENCE

The trial judge concluded that Doyle was negligent in failing to safely operate the vehicle in the vicinity of this group of boys, who ranged in age from 6 to 16 years, and in coming to almost a complete stop and then suddenly accelerating without looking to see whether any of the boys were in his path. This finding is reasonably supported by the evidence.

ISTRE’S CONTRIBUTORY NEGLIGENCE

The trial judge found Istre free of contributory negligence on the basis that when the automobile came to almost a stop, Istre had a right to assume that Doyle would not start the car forward again without looking to see whether anyone was in his path. This finding is also reasonably supported by the evidence.

DOYLE’S STATUS AT BOYS VILLAGE

The next issue is whether Allen Doyle was in the custodial care of Boys Village, or was he under the care and control of James L. Duhon personally. This dispute arises from the fact that Doyle and two other residents of the Village lived in the apartment occupied by Duhon, instead of in one of the cottages. There was also evidence that Doyle received favored treatment, such as not as being required to take part in work details. Also, some witnesses thought Mr. Duhon had adopted Doyle, but actually he had not.
On the other hand, the evidence shows that Doyle was originally placed in Boys Village by order of the City Judge of Jennings, Louisiana, acting as a juvenile judge, and that Doyle was fed, housed and clothed by the Village. Based on this, and other more detailed evidence, the trial judge concluded that Doyle was under the care and custody of the Village, thus making the Village responsible for his actions. This finding of fact is amply supported by the evidence.

COVERAGE

We next address the insurance coverage issue. The policy issued by United States Fidelity & Guaranty Company to Boys Village, Inc. covered three vehicles, a Ford pickup truck, an Impala stationwagon and a Dodge Custom Sportsman. The trial judge found that at the time of the accident the Ford pickup truck had been inoperable for about a month, the stationwagon was in use by one of the cottage parents, and the Dodge Sportsman was at the movies. Under these circumstances, Mr. Duhon instructed Allen Doyle to take Duhon’s personal automobile, a Plymouth, to go pick up the boys who had been fishing.
The temporary substitute automobile provisions of the policy provide coverage to a non-owned vehicle “while temporarily used as a substitute for the described automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.” The trial judge found that the Plymouth automobile owned by Mr. Duhon was being used as temporary substitute for the Ford pickup truck which was inoperable. The evidence amply supports this finding of fact. Therefore, there was coverage under defendant insurer’s policy.

DAMAGES

The final issue is whether the award of $15,000 is excessive. The evidence shows that Istre suffered a fracture of the right femur. During his first hospitalization, he was initially in traction with a steel pin inserted in the broken bone. Subsequently, when the bone began to knit, he was placed in a body cast, extending from the nipple *199 line down the entire right leg and half way down the left leg. He was discharged from the hospital after a month, but then after another month had to be readmitted and the cast was replaced. About four months post-injury the second cast was removed and he began to use crutches. Eventually, Istre recovered with an estimated 5% permanent partial disability of the right leg, this disability being based on the slight shortening of the leg and the presence of residual persisting atrophy of the thigh and the calf.
Under the circumstances, the award of $15,000 was within the great discretion of the trial judge as to the amounts of awards in personal injury cases.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants-appellants.
AFFIRMED.